**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DANNY D. HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-379-JHP-PJC |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time-barred (Dkt. # 13). Petitioner filed a response to the motion (Dkt. # 18), and has been allowed to supplement his response with information attached to a motion to supplement (Dkt. # 20). Petitioner has also filed a motion for evidentiary hearing (Dkt. # 26). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted. Petitioner's motion for an evidentiary hearing shall be declared moot.

*BACKGROUND*

Petitioner Danny Hopper challenges his convictions entered in Delaware County District Court, Case Nos. CF-2003-339, CF-2004-9, CF-2004-87, and CM-2003-480. See Dkt. # 1. The record provided by the parties reflects that on September 9, 2004, in Case No. CF-2004-87, Petitioner was found to be guilty, based on his plea of guilty, of Escaping From County Jail. See Dkt. # 14, Ex. 1. On that date, he was sentenced to seven (7) years imprisonment with all but the first

2 months suspended. Id. The sentence was ordered to be served concurrently with sentences imposed in Case Nos. CF-2003-339 (Stalking), CF-2004-9 (Stalking), and CM-2003-480 (Domestic Abuse). Id. Petitioner did not file a motion to withdraw his pleas and did not perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 14, Ex. 2.

On August 18, 2005, the State filed a petition to revoke suspended sentence. Id. On October 3, 2005, the trial court granted the petition and Petitioner's suspended sentences were revoked in full. Id. Petitioner was sentenced to seven (7) years imprisonment, with his sentences to be served concurrently. Id. Judgment and Sentence on Revocation (Dkt. # 14, Ex. 3) was filed of record on October 5, 2005. Petitioner filed a revocation appeal. By order filed October 23, 2006, in Case No. RE-2005-974, the OCCA affirmed the state district court's order revoking Petitioner's suspended sentences. See Dkt. # 14, Ex. 4; www.oscn.net.

Petitioner failed to challenge his convictions and sentences in state court until April 28, 2008, when he filed a "motion to modify sentence nunc pro tunc." See Dkt. # 1, Ex. M-1. That motion was denied on August 14, 2008. See Dkt. # 1, Ex. O-1. To appeal the denial of relief, Petitioner filed a petition for writ of mandamus on September 11, 2008. See Dkt. # 1, Ex. M-3. By order filed September 23, 2008, in Case No. MA-2008-853, the OCCA denied Petitioner's application for extraordinary relief. See Dkt. # 1, Ex. O-2.

Petitioner has also provided a copy of a second "motion to correct sentence nunc-pro-tunc," see Dkt. # 1, Ex. M-4, filed October 14, 2008. That motion was denied by order filed December 3, 2008, see Dkt. # 1, Ex. O-3. Petitioner pursued a post-conviction appeal, in OCCA Case No. PC-2009-26, see Dkt. # 1, Ex. M-5. By order filed April 7, 2009, the OCCA dismissed the appeal as untimely. See Dkt. # 1, Ex. O-4.

On May 26, 2009, Petitioner filed his *pro se* petition for writ of habeas corpus (Dkt. # 1). He claims that his convictions are invalid as a result of judicial and prosecutorial misconduct and ineffective assistance of trial and appellate counsel. See Dkt. #s 1 and 3. Petitioner's claims focus on his assertion that he pled guilty to the crime of Attempted Escape, but that the Judgment and Sentence entered in Case No. CF-2004-87 erroneously reflects a conviction for Escaping from County Jail. Petitioner claims that the sentence entered on the crime to which he pled guilty was excessive. Petitioner states that he wants this Court to correct his sentence and emphasizes that he does not wish to withdraw his guilty pleas. See Dkt. # 18.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) to the instant case leads to the conclusion that Petitioner filed his habeas petition after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his pleas of guilty in his criminal cases, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on September 20, 2004.[1] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims challenging the convictions and sentences entered on Petitioner's pleas of guilty, began to run on September 20, 2004. Absent a tolling event, a federal petition for writ of habeas corpus filed after September 20, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until May 26, 2009, or more than three and a half (3 ½) years beyond the deadline.

Petitioner also contends that he received ineffective assistance of counsel during his revocation appeal. See Dkt. # 3. The revocation of Petitioner's suspended sentences became final 90 days after October 23, 2006, or on January 22, 2007, when he failed to file a petition for writ of

---

[1] The tenth day after pronouncement of Petitioner's sentences was Sunday, September 19, 2004. Petitioner had until the next business day, Monday, September 20, 2004, to file a motion to withdraw his pleas of guilty.

*certiorari* at the Supreme Court. He had one year, or until January 22, 2008, to raise any claim challenging the revocation proceedings. Petitioner did not file his habeas petition until May 26, 2009, or more than one (1) year after the deadline.

The running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, Petitioner did not seek any collateral or post-conviction relief during the one-year period. Petitioner did not attempt to challenge his convictions and sentences until April 28, 2008, or after expiration of both the limitations period applicable to claims challenging his convictions, and the limitations period applicable to claims challenging the revocation of his suspended sentences. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, none of Petitioner's state proceedings collaterally challenging these convictions tolled the limitations period. Therefore, this action, commenced on May 26, 2009, appears to be untimely.

In the brief in support of his petition, Petitioner asserts that he is entitled to statutory tolling, under 28 U.S.C. § 2244(d)(1)((D), and to equitable tolling. See Dkt. # 3 at 5-6. Petitioner contends that he first discovered the errors in his sentencing on February 7, 2008, and that, thereafter, on April 28, 2008, he began his efforts to obtain relief. He asserts that ten (10) of the fifteen (15) months preceding the filing of the petition were tolled, making the petition timely. He also argues that he is entitled to equitable tolling because external forces beyond his control effectively prohibited him from being able to file his petition timely. Specifically, Petitioner complains that he was housed at

5

a private prison having no certified legal clerks or a legal library, and, as a result, he was prevented from accessing legal assistance.

The Court rejects Petitioner's arguments. First, Petitioner has failed to make the showing necessary to be entitled to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner claims to have lacked legal knowledge sufficient to have raised his claims sooner. However, neither Petitioner's *pro se* status nor his lack of legal knowledge entitle him to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. Petitioner also claims to be entitled to equitable tolling because he suffered from health issues, including drug addiction and depression. See Dkt. # 18. Petitioner provides records reflecting treatment received for cocaine abuse in September of 2004, just after entry of his guilty pleas. See Dkt. # 3, Ex. T-3. He also provides records from the Northwest Center for Behavioral Health, dated September 19, 2005, see Dkt. # 3,

Ex. T-1, and from Edwin Fair Community Mental Health Center, dated September 6, 2005, id., Ex. T-2. Those records reflect that Petitioner received treatment for depression and cocaine abuse just prior to the revocation of his suspended sentences. Significantly, however, the records provided by Petitioner do not support his claim that his health conditions prevented him from diligently pursuing his claims during the one-year time periods applicable to his habeas claims. Petitioner has not demonstrated that he was so incapacitated during the relevant time periods that he was incapable of pursuing his claims. Petitioner has failed to demonstrate that he pursued his habeas claims diligently or that some extraordinary circumstance prevented him from timely filing his federal habeas petition. He is not entitled to equitable tolling.

The Court further finds that Petitioner has failed to demonstrate that his one-year period began to run under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Petitioner asserts that his claims are based on "newly discovered evidence," see Dkt. # 18, and that he did not discover the factual basis of his claims until February 7, 2008, after he discussed his case with his cell mate and the trial court error was confirmed by Don Pope, an attorney, see Dkt. # 3. Therefore, Petitioner argues that under § 2244(d)(1)(D), his one-year period did not begin to run until February 7, 2008, when he learned the "facts" supporting his claims. See Dkt. # 1. Contrary to Petitioner's argument, however, the Court finds that the factual predicate of Petitioner's claims challenging his convictions and any claim challenging his revocation proceeding could have been discovered through the exercise of due diligence either at the time he entered his guilty pleas or during the revocation proceeding. Therefore, § 2244(d)(1)(D) does not apply to make this petition timely.

7

The Court concludes that Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period applicable to his claims. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations. Petitioner's motion for an evidentiary hearing shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 13) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. Petitioner's motion for an evidentiary hearing (Dkt. # 26) is **declared moot**.

4. A separate Judgment shall be entered in this matter.

DATED THIS 22nd day of January 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma